**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JOSE B. CASAS | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 15-cv-8112 |
| | ) |
| DAVID DEVANE, in his capacity as Chief | ) Judge Sharon Johnson Coleman |
| of Corrections of the McHenry County | ) |
| Adult Correctional Facility | ) |
| | ) |
| Respondent. | ) |
| | ) |

**MEMORANDUM OPINION AND ORDER**

Jose Casas ("Casas") filed a petition for a writ of habeas corpus challenging the legality of his detention at McHenry County Adult Correctional Facility ("McHenry Correctional") during the pendency of his immigration removal proceedings. Casas maintains he is entitled to a bond hearing where an individualized determination is made as to his dangerousness and risk of flight.

Casas initially named Immigration and Customs Enforcement Assistant Field Office Director Sylvia Bonaccorsi-Manno ("ICE") as the respondent. After reviewing ICE's response to the petition and Casas' reply, the Court dismissed without prejudice the petition for failure to name as respondent Casas' immediate custodian, the warden or warden-like official of McHenry Correctional. Dkt. 17. Casas then re-filed his petition, naming the proper respondent, Chief of Corrections of the McHenry Correctional David Devane ("Devane"). Dkt. 18. At a hearing before this Court on November 13, 2015, the Assistant U.S. Attorney designated for ICE informed the Court that he had consulted with the Office of the McHenry County State's Attorney who indicated that Devane would adopt as his own the response filed by ICE. The Court has received no contrary indication. Upon review of the petition, the response, and the reply, the Court now grants the petition for the reasons stated below.

**Background**

The following facts are undisputed. Casas is not a citizen of the United States. Dkt. 18, ¶1; Dkt. 9 at 7. Pursuant to 8 U.S.C. §1226(c) ("1226c"), he has been in immigration detention since July 29, 2015. Dkt. 18 ¶1; Dkt. 9 at 7. He has been charged removable by the Department of Homeland Security under 8 U.S.C. § 1227(a)(2)(A)(iii) because he was convicted of an "aggravated felony" as that term is defined in 8 U.S.C. § 1101(a)(43). Dkt. 18 ¶3, Dkt. 9 at 7. He was afforded an administrative hearing before an Immigration Judge ("IJ") on whether 1226c had been properly applied to him. Dkt 18 ¶4, Dkt. 9 at 7. The IJ determined that 1226c did apply to Casas. Dkt. 18 ¶4, Dkt. 9 at 8. Casas has an appeal from that determination pending before the Board of Immigration Appeals ("BIA"). Dkt 18 ¶5, Dkt. 9 at 8.

**Legal Standard**

A court may grant habeas relief to a petitioner who "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. When making its determination, the court may consider affidavits, the record of the underlying proceeding, and other "documentary evidence." 28 U.S.C §§2246-2247. The parties should be afforded an opportunity for an adversarial hearing on any relevant disputed facts. *U. S. ex rel. Kendzierski v. Brantley*, 447 F.2d 806, 809 (7th Cir. 1971). But an evidentiary hearing is not required where the petition and response present only issues of law. 28 U.S.C. §2243.

**Discussion**

*Jurisdiction*

Respondent asserts a single-sentence argument that the petition must be dismissed because this Court "lacks jurisdiction over the immigration removal process." Dkt. 9 at 1. Although Respondent's argument is not developed, the Court nonetheless has an independent duty to ensure subject matter jurisdiction exists. *Dexia Credit Local v. Rogan*, 602 F.3d 879, 883 (7th Cir. 2010). Here,

2

the question of a district court's subject matter jurisdiction over habeas petitions challenging the constitutionality of 1226c has been conclusively answered in the affirmative by the Seventh Circuit. *See Gonzalez v. O'Connell,* 355 F.3d 1010, 1015 (7th Cir. 2004). Consequently, this Court has subject matter jurisdiction over Casas' petition.

*Exhaustion of Administrative Remedies*

Section 1226c requires the Attorney General to take into custody aliens that the government has charged removable because they have been convicted of certain crimes or are reasonably suspected of terrorism. 8 U.S.C. § 1226(c)(1). These categories of aliens are not eligible for an individualized bond hearing where they may establish they are not dangerous or a flight risk unless their release is necessary for cooperation in a criminal investigation. 8 U.S.C. § 1226(c)(2). However, any alien may challenge at an administrative hearing the determination that he is "properly included" in the categories of aliens subject to mandatory detention under 1226c. 8 C.F.R. § 1003.19(h)(2)(ii). The alien may then appeal the IJ's determination as to the applicability of 1226c to the BIA. 8 C.F.R. §1236.1(d). Unlike a removability determination, the BIA's review of the applicability 1226c is not appealable to a federal court of appeals. *Compare* 8 U.S.C. § 1252 *with* 8 U.S.C. §1226.

Respondent at oral argument asserted that Casas' improperly filed his habeas petition because the only appropriate course of action regarding his bond determination was an appeal to the BIA. But BIA review on the applicability of 1226c is only a prerequisite to filing a habeas petition challenging the constitutionality of custody under 1226c if the petitioner has a "reasonable prospect" of relief at the administrative level. *Gonzalez,* 355 F.3d at 1018. Because "the BIA has no jurisdiction to adjudicate constitutional issues," *id.* at 1017, the Court need only determine Casas' likelihood of success on his statutory interpretation arguments. Here, Casas' sole argument predicated on statutory interpretation is that 1226c does not apply when there is a significant temporal gap between the alien's criminal and immigration custody. Dkt. 18 ¶¶ 15-23. This argument has already

3

been rejected by the BIA. *See In Re Rojas*, 23 I. & N. Dec. 117, 127 (BIA 2001). Casas does not have a reasonable prospect of relief at the administrative level and exhaustion is not required.

*Constitutionality of Immigration Detention Without an Individualized Bond Hearing*

Casas maintains that his detention absent a bond hearing is unconstitutional for three reasons. The Court finds that Casas' good-faith basis for contesting his removal triggers a due process right to an individualized bond hearing. It therefore declines to reach Casas' other arguments regarding the temporal gap between his release from criminal and immigration custody and the expected duration of his removal proceedings.

*Good-Faith Basis for Contesting Removal*

Casas' argues that his detention without an individualized bond hearing is unconstitutional because he has a good-faith basis for contesting his removal. Respondent concedes that the Seventh Circuit has "left open the possibility that an alien . . . [with a] legitimate challenge to removability might not be subject to mandatory detention." Dkt. 9 at 6. However, Respondent disputes the strength of Casas' basis for challenging his removal. *Id.* at 8.

The Supreme Court has found that brief detention under 1226c of aliens who have conceded they are deportable is constitutional. *Demore v. Kim,* 538 U.S. 510 (2003). The Seventh Circuit extended the holding of *Kim* to aliens who proffer "facially meritless" bases for contesting their removal, but noted that "a wholly different case arises when a detainee who has a good-faith challenge to his deportability is mandatorily detained under §1226(c)." *Gonzalez,* 355 F.3d at 1020. The Seventh Circuit has also remarked that in light of a removable alien's right to release from detention under *Zadvydas v. Davis,* 533 U.S. 678 (2001), it would be paradoxical if an alien with a "good defense" to removal had no such right. *Hussain v. Mukasey*, 510 F.3d 739, 743 (7th Cir. 2007).

In *Gonzalez,* the court found the petitioner's challenge to his removal was "facially meritless" because the Seventh Circuit had already rejected the argument on which the challenge relied. 355

4

F.3d at 1020. Here, Casas asserts that his criminal defense attorney affirmatively misinformed him that pleading guilty to the charged offense would not subject him to deportation. Dkt 18 ¶ 9. Thus Casas contends that he has a basis for invalidating his criminal conviction pursuant to *People v. Correa,* 485 N.E.2d 307 (Ill. 1985). *Id.* ¶ 10. This in turn will eliminate the grounds for his deportation. *Id.* ¶ 14. Respondent disagrees that Casas has a good-faith basis to challenge his removal because the path to reversing the criminal conviction "is littered with procedural obstacles" and Casas' likelihood of success is "speculative." Dkt. 9 at 8.

Although many obstacles may stand in Casas' way, his theory of relief is not analogous to the facially meritless claims raised by the petitioner in *Gonzalez*. To the contrary, the Seventh Circuit has affirmed that modification of a criminal conviction undergirded by *Correa* can save an alien from deportation. *Sandoval v. I.N.S.*, 240 F.3d 577 (7th Cir. 2001). Casas' likelihood of success in challenging his removal is not so minimal as to indicate the challenge is brought in bad faith.

Casas' good-faith basis for challenging his removal distinguishes him from aliens who by conceding their deportability have "forfeited any legal entitlement to remain in the United States." *Parra v. Perryman*, 172 F.3d 954, 958 (7th Cir. 1999). Because it is the government's burden to prove he has lost his right to freely remain in the country, 8 C.F.R. §1240.8, he is more similar to an innocent-until-proven-guilty pre-trial criminal detainee. Accordingly, his detention should not be "excessive in relation to the regulatory goal Congress sought to achieve." *United States v. Salerno*, 481 U.S. 739, 747 (1987). The legislative history of 1226c indicates Congress desired to "prevent the very worst of the criminal aliens from further endangering the public and from being able to flee before deportation." S. Rep 104-48, 12. As pointed out by other courts in this district, that goal is not thwarted by providing an individualized bond hearing to aliens in removal proceedings who have a good-faith basis for believing they may ultimately be permitted to remain in the country. *Forbes v. Perryman*, 244 F. Supp. 2d 947, 950 (N.D. Ill. 2003) (Bucklo, J.); *Bonsol v. Perryman*, 240 F. Supp. 2d

5

823, 827 (N.D. Ill. 2003) (Castillo, J.); *Vang v. Ashcroft*, 149 F. Supp. 2d 1027, 1038 (N.D. Ill. 2001) (Pallmeyer, J.). Accordingly, this Court finds that due process requires Casas be provided an individualized bond hearing.

**Conclusion**

For the foregoing reasons, Casas' habeas petition is granted. The Court orders David Devane to release Casas from the custody of McHenry County Adult Correctional Facility within 30 days of this order, unless he receives an order from an Immigration Judge who has determined after an individualized bond hearing that Casas' continued detention is necessary to prevent a risk of flight or a threat to public safety.

IT IS SO ORDERED.

SHARON JOHNSON COLEMAN
United States District Judge

DATED:  November 19, 2015