# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| JOSE B. CASAS | ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | Case No. 15-cv-8112 |
| DAVID DEVANE, in his capacity as Chief of Corrections of the McHenry County Adult Correctional Facility | ) ) ) ) | Judge Sharon Johnson Coleman |
| Respondent. | ) ) ) | |

## MEMORANDUM OPINION

Jose Casas ("Casas") filed a petition for a writ of habeas corpus challenging the legality of his detention at McHenry County Adult Correctional Facility ("McHenry Correctional") during the pendency of his immigration removal proceedings. In his petition Casas argued that he is entitled to a bond hearing where an individualized determination is made as to his dangerousness and risk of flight. On November 19, 2015, this Court granted the petition ("first habeas ruling") and ordered David Devane, Chief of Corrections ("Respondent"), "to release Casas from the custody of McHenry County Adult Correctional Facility within 30 days . . . unless he receives an order from an Immigration Judge who has determined after an individualized bond hearing that Casas' continued detention is necessary to prevent a risk of flight or a threat to public safety." Dkt. 25 at 6.

Respondent then moved for reconsideration of the first habeas ruling pursuant to Rule 59(e) and Rule 60 (b). The Court denied Respondent's motion for reconsideration in a minute entry on December 8, 2015. The Court now issues this opinion explaining its reasons for denying the motion for reconsideration.

**Background**

Casas is a legal permanent resident of the United States. (Dkt. 18, ¶1; Dkt. 28 at 3.) On August 15, 2007, he was convicted of attempted aggravated battery with a firearm. (Dkt. 18, ¶ 31; Dkt. 28 at 3.) Six years after his release from incarceration on that conviction, Casas was charged removable by the Department of Homeland Security ("DHS") under 8 U.S.C. § 1227(a)(2)(A)(iii) because he had been convicted of an "aggravated felony" as that term is defined in 8 U.S.C. § 1101(a)(43). (Dkt. 18 ¶ 31; Dkt 18-1 at 20; Dkt. 28 at 3.) On July 29, 2015, DHS detained Casas pursuant to 8 U.S.C. § 1226(c) ("1226c"), a statute which authorizes confinement without a bond hearing for certain categories of immigration detainees. (Dkt. 18 ¶1; Dkt. 28 at 3.) Casas was afforded an administrative hearing before an IJ on whether 1226c had been properly applied to him, and at that hearing the IJ determined that application of 1226c was proper. (Dkt 18 ¶4; Dkt. 9 at 7-8.) Casas appealed that determination to the Board of Immigration Appeals ("BIA"). (Dkt 18 ¶5; Dkt. 9 at 8.) The BIA ruled on Casas' appeal on December 3, 2015. (Dkt. 30-2 at 2.) In light of this Court's intervening ruling on the habeas petition, the BIA remanded the bond proceedings and ordered the IJ to provide Casas with an individualized bond hearing. *Id.*

Casas is in the process of challenging the validity of his criminal conviction. However, on November 17, 2015 an Immigration Judge ("IJ") determined that the Immigration Court could not stay the removal proceedings pending Casas' challenge to his criminal conviction and was required to consider the conviction as it currently stood ("November 17 immigration ruling"). (Dkt. 30-3 at 11-13.)

**Legal Standard**

"A Rule 59(e) motion will be successful only where the movant clearly establishes: (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 954 (7th Cir. 2013) (internal

2

quotations omitted). "Vacating a judgment under Rule 60(b) is permissible for a variety of reasons including mistake, excusable neglect, newly discovered evidence, and fraud." *Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006). Although the two rules are similar, the threshold of proof for the moving party is lower under Rule 59(e) than under Rule 60(b). *Cincinnati Life*, 722 F.3d at 953. Under either rule, "[r]econsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996).

**Discussion**

Respondent first argues that the November 17 immigration ruling demonstrates that a pending challenge to a conviction cannot serve as a "good-faith basis" for contesting removal because a pending challenge to a criminal conviction "is not relevant for immigration purposes unless and until the conviction is vacated." (Dkt. 28 at 5.) There was nothing barring Respondent from making this argument when it filed its response to the habeas petition. The IJ did not create new intervening law when she issued the November 17 immigration ruling; she merely applied existing law that Respondent failed to put before this Court in its habeas response.

Furthermore, a finding in favor of Respondent on this argument might imply that courts should reevaluate whether a 1226c immigration detainee was challenging his removal "in good-faith" after any adverse ruling in the underlying immigration proceedings. Not only would such a rule be inefficient, it would wrongly equate a good-faith challenge with a challenge that will ultimately be successful. As this Court suggested in its first habeas ruling, Casas' likelihood of ultimate success is only relevant to the extent that an extremely remote likelihood of success could be evidence of a bad-faith, i.e., facially meritless, challenge. This Court's determination in the first habeas ruling that

3

"Casas' likelihood of success in challenging his removal is not so minimal as to indicate the challenge is brought in bad faith" is not altered by the November 17 immigration ruling.

Respondent's second argument is that this Court should reconsider its ruling because the nature of Casas' challenge to his removal is distinguishable from the challenges at issue in the cases this Court found persuasive, namely, *Forbes v. Perryman*, 244 F. Supp. 2d 947, 950 (N.D. Ill. 2003) (Bucklo, J.); *Bonsol v. Perryman*, 240 F. Supp. 2d 823, 827 (N.D. Ill. 2003) (Castillo, J.); and *Vang v. Ashcroft*, 149 F. Supp. 2d 1027, 1038 (N.D. Ill. 2001) (Pallmeyer, J.). Like Respondent's first argument, this is an argument that Respondent could have made in its response to the habeas petition. It is therefore not properly before the Court on a motion to reconsider.

**Conclusion**

For the foregoing reasons, Defendants' motion to reconsider was denied.

SHARON JOHNSON COLEMAN
United States District Judge

DATED:  December 17, 2015